■ THOMAS NIESIG, Appellant, v TEAM I et al., Defendants and Third-Party Plaintiffs-Respondents. DETRAE ENTERPRISES, INC., Third-Party Defendant-Respondent.—Motion by appellant for reargument, or, in the alternative, for leave to appeal to the Court of Appeals from an opinion and order of this court dated August 7, 1989, which determined an appeal from an order of the Supreme Court, Nassau County, dated September 12, 1988.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that that branch of the motion which is for reargument is denied; and it is further,

Ordered that that branch of the motion which is for leave to appeal to the Court of Appeals is granted, and the following question is certified: "Was the order of this court properly made?"

We adhere to our determination that an attorney for a plaintiff may not communicate directly with the employees of a corporate defendant who "are presumptively within the scope of the representation afforded by the attorneys who appeared [in the litigation] on behalf of that corporation" (Niesig v Team I, 149 AD2d 94, 95). The subsequent "depublication" of a California case which supports our conclusion (Hewlett-Packard Co. v Superior Ct. [Jensen], 205 Cal App 3d 43, 252 Cal Rptr 14) does not warrant granting reargument.

First, an order of "depublication", whatever effect it has on the strength of a particular decision as binding precedent within California, has no effect on the persuasive value inherent in the reasoning expressed in the decision. Second, in Niesig v Team I (supra), we construed the terms of Code of Professional Responsibility DR 7-104 (A) (1) in the context of New York law and specifically with regard to those provisions of the CPLR which define the term "party", which includes any "member, agent, or employee of a party" (CPLR 3101 [a] [1]). We emphasized that liberal pretrial disclosure may be obtained from the employees of corporate parties pursuant to the CPLR, and that the plaintiff has shown no compelling reason for discarding the discovery procedures authorized by the Legislature in favor of the unauthorized discovery proce-

dures advocated by him. Third, the "depublication" of the *Hewlett-Packard* case may have been prompted by a subsequent amendment to the California version of Code of Professional Responsibility DR 7-104 (A) (1), which altered the definition of the term "party" which had been adopted in that case *(Bibele v Superior Ct.,* 199 Cal App 3d 708, 245 Cal Rptr 144; *see also, Mills Land & Water Co. v Golden W. Ref. Co.,* 186 Cal App 3d 116, 230 Cal Rptr 461; *Cagguila v Wyeth Labs.,* 127 FRD 653, US Dist Ct, ED Pa, Oct. 20, 1989, Antwerpen, J.; Nassau County Bar Assn, Comm on Professional Ethics, Opn No. 2-89 ["(d)irect contact with employees of an adverse corporate party is prohibited when the corporation is represented by counsel"]).

For these reasons, the "depublication" of the *Hewlett-Packard* case does not warrant granting reargument. Nor is clarification of our decision necessary. We have already expressly defined the scope of the issue addressed in *Niesig* as whether a plaintiff's attorney who is "actively involved in litigation" *(Niesig v Team I, supra,* at 107) may properly conduct ex parte interviews with the employees of adverse parties who are "presumptively within the scope of the representation afforded by the attorneys who appeared on behalf of [the employer]" *(Niesig v Team I, supra,* at 95). Whether a plaintiff's attorney may communicate ex parte with employees of a corporate defendant for whom no attorney of record has formally appeared in pending litigation *(see,* CPLR 321) is a purely academic question which was not addressed.

The issue raised by the plaintiff is of sufficient importance to warrant review by the Court of Appeals, and we have therefore granted the plaintiff leave to appeal on a certified question. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.